**Alladin DUNNE, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 03–CM–1542, 04–CO–1173.**

District of Columbia Court of Appeals.

Argued Oct. 27, 2005.

Decided Nov. 17, 2005.

Enid Hinkes, appointed by the court, for appellant.

Michael A. Columbo, Assistant United States Attorney, with whom Kenneth L. Wainstein, United States Attorney, John R. Fisher, Assistant United States Attorney at the time the brief was filed, and Thomas J. Tourish, Jr., Charles D. Stimson, Margaret J. Chriss, and Melissa M. Nasrah, Assistant United States Attorneys, were on the brief, for appellee.

Before RUIZ, GLICKMAN and KRAMER, Associate Judges.

PER CURIAM:

Alladin Dunne appeals his conviction after a bench trial of one count of simple assault, a violation of D.C.Code § 22–404 (2001). He argues that the trial judge erred in finding him guilty on insufficient evidence and in failing to grant his post-trial motion to vacate his sentence and bar his further prosecution on grounds of prosecutorial misconduct. We affirm the trial judge.

As to the sufficiency of the evidence, the trial judge found appellant guilty of "intent-to-frighten" assault. *See Frye v. United States,* 2005 D.C.App. LEXIS 532, at *36 (D.C. Oct. 14, 2005) (listing elements of intent-to-frighten assault). Viewing the evidence (which included a police officer's eyewitness account as well as the complainant's testimony) in the light most favorable to sustaining the verdict, *see Mihas v. United States,* 618 A.2d 197, 200 (D.C.1992), we are satisfied that the government's proof supported the judge's finding that appellant intentionally made a menacing gesture that threatened an offensive touching by reaching into the complainant's car window against her will. It is of no moment that the judge, faced with a conflict in the testimony, declined to find that appellant actually punched the complainant in the face. It likewise is not dispositive that the complainant did not testify that she was afraid of appellant. *See Robinson v. United States,* 506 A.2d 572, 575 (D.C.1986) ("the crucial inquiry [is] whether the assailant acted in such a manner as would under the circumstances portend an immediate threat of danger to a person of reasonable sensibility") (internal quotation marks and citation omitted).

In his motion to vacate on the basis of prosecutorial misconduct, appellant alleged

that a law student had assisted government counsel at trial[1] without proper authorization,[2] and that the government had not complied with certain other applicable requirements of D.C. Court of Appeals Rule 48 and Superior Court Rule of Criminal Procedure 44–I.[3] Relying on an affidavit submitted with the government's opposition, the trial judge found that the law student in fact was authorized to participate in appellant's trial, as she was certified by the Admissions Committee and registered with the Unauthorized Practice of Law Committee the day before the trial commenced.[4] The judge concluded that appellant was not entitled to relief for the other alleged Rule violations (some but not all of which the government admitted), since they had not prejudiced him in any way.[5]

In this court, appellant concedes that the law student was authorized to practice under Rules 48 and 44–I. Appellant also concedes that he was not prejudiced by the government's non-compliance in other respects with those Rules. Nonetheless, appellant asks us to exercise "supervisory authority" to grant him relief as a sanction for the government's Rule violations, which he claims reflect a continuing practice in the United States Attorney's Office. The government, on the other hand, adheres to the position that its "technical" violations of the Rules do not warrant reversal of appellant's conviction in the absence of prejudice.

Appellant does not persuade us that he is entitled to the relief he seeks. We agree with appellant that the government's violations of Rules 48 and 44–I should not be viewed as merely "technical." The requirements of the Rules are mandatory for good reasons; among other things, they are designed to ensure that government attorneys and other supervising lawyers fulfill their ethical obligations under Rule 5.3(b) and (c) of the D.C. Rules of Professional Conduct and do not mislead law students into believing that they can be casual in their compliance with the Rules of Professional Conduct. Nevertheless, even if we characterize the Rule violations that did occur as "prosecutorial miscon-

1. The law student gave the opening statement and conducted the direct and re-direct examinations of Officer Ivan Powell.

2. In order to engage in the (limited) practice of law in the District of Columbia, a law student must be certified eligible by the Admissions Committee of this court and be registered with the Unauthorized Practice of Law Committee. D.C.App. R. 48(b)(4), (b)(5).

3. Specifically, appellant charged that the requisite written approvals of the United States Attorney (or his authorized representative) and the student's "supervising lawyer" had not been filed in the record of the case, see D.C.App. R. 48(a)(2), (a)(3), and Super. Ct. Crim. R. 44–I(f)(1)(B), (C); that the student's "supervising lawyer" from her law school clinical program was not present in the courtroom with the student during the trial, see Super. Ct.Crim. R. 44–I(f)(3)(D); and that the Assistant United States Attorney who prosecuted the trial with the student did not qualify as her "supervising lawyer" because (1) un-

der Rules 48 and 44–I, the "supervising lawyer" and the Assistant United States Attorney are different persons, (2) the Assistant was not approved by the law school, see R. 48(e)(1) and R. 44–I(f)(3)(A), and (3) the Assistant was not a member of the District of Columbia Bar, see R. 48(e)(4); cf. R. 44–I(f)(3)(A) (requiring "supervising lawyer" to be "an active practitioner of law in this Court").

4. The government established these facts by submitting the affidavit of Lydell Fletcher, Special Assistant to the Director of the Committee on Admissions. Appellant did not dispute the accuracy of Mr. Fletcher's averments.

5. In its opposition to appellant's motion, the government also represented to the court that "the United States Attorney's Office is taking steps to ensure that the technical violations that happened in this case do not re-occur."

duct," appellant's failure to identify any prejudice dooms his effort to capitalize on them. In this, as in any appeal that comes before us, we are required to "give judgment ... without regard to errors or defects which do not affect the substantial rights of the parties." D.C.Code § 11–721(e)(2001). *See, e.g., Mitchell v. United States,* 569 A.2d 177, 183 n. 5 (D.C.1990) ("If [prosecutorial] misconduct has occurred, we determine whether 'substantial prejudice' resulted ...") (citations omitted).[6]

Appellant's conviction of assault is affirmed.

**6.** In response to appellant's assertion that it continues to violate the student practice Rules, the government represents to us that it has instituted internal policies and procedures in response to this case to ensure its strict compliance with those Rules in future cases. We are in no position to gauge whether the steps taken by the United States Attorney's Office, which have not been presented to us in any detail, are adequate. Judging from some of its arguments in this appeal, however, the Office might be well-advised to review its interpretations of Rules 48 and 44–I. In its brief, for example, the government argues that if a law student's supervising lawyer is "an active practitioner" in Superior Court, as is required by Rule 44–I(f)(3)(A), the supervising lawyer need not be a member of the District of Columbia Bar, as is specifically required by this court's Rule 48(e)(4). At oral argument, counsel for the government appeared to concede that Rule 48(e)(4) is controlling.